IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN TORRES, </br> M12747, </br> </br>                 Plaintiff, </br> </br> vs. </br> </br> LIEUTENANT WILSON, </br> SARGEANT LOUIE, </br> C/O HART, </br> JOHN DOES 1-3, </br> </br>                 Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )   Case No. 25-cv-57-DWD </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

      Plaintiff Glen Torres, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 1). Plaintiff alleges that the Defendants responded with excessive force when he tried to declare a mental health crisis, they failed to stop each other during the assault, they placed him in a cell with unconstitutional conditions of confinement, and they refused him medical care.

      Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On September 5, 2024, Plaintiff attempted to notify staff that he was feeling suicidal, but after getting no response he covered his cell window with a sheet and piled his mattress and legal work in front of the door. An officer doing rounds directed him to remove the sheet, which he did. (Doc. 1 at 6). The officer then observed the materials in front of the door and radioed for a tactical (tact) team. Upon arrival an officer stuck an object through the chuckhole to move the obstruction, and John Doe 1 then began to deploy mace into the cell without warning. Plaintiff was not given any commands prior to the mace being deployed. The tact team then opened the door and John Doe 1 and Defendant Hart slammed Plaintiff to the bed and began to punch him.

Plaintiff alleges John Does 2 and 3 and Defendants Wilson and Louie placed him in ankle cuffs and then Hart maced him two more times. Plaintiff was drug out of the cell and dropped on the floor where some of the officers punched him in the back of the head. Defendant Wilson ordered him to stand, and as he was escorted down the gallery Defendant Hart intentionally bumped his head into a railing at least three times. Plaintiff was handcuffed in the infirmary where he was directed to strip, he was maced from head to toe, and he was then given a new jumpsuit to wear. (Doc. 1 at 7). Medical providers checked Plaintiff's vitals but refused any other care. Defendant Wilson told him that he

should not request mental health assistance to avoid further beatings. John Does 2, 3, and Defendant Hart then maced and punched him again. He alleges he had pain in his face, neck, and body, as well as migraines and swelling. Plaintiff alleges that in following days and weeks he was refused medical care and other amenities at Wilson's direction. (Doc. 1 at 7-8).

Plaintiff alleges he was placed into a cell that lacked running water. He was forced to live and eat around human waste because he could not use his toilet. He was forced to relieve himself in used food containers that he passed out of the chuck hole to be disposed. He claims these conditions endured for a month, and he asked Defendants Louie and John Doe 1 to restore his water or mattress to no avail. (Doc. 1 at 8). He claims he also alerted the administration but got no response. He had mace on his skin for an entire month. (Doc. 1 at 9).

Plaintiff indicates he would like to present claims for excessive force, failure to intervene, conditions of confinement, and state law battery. In support of his complaint, he submitted two declarations from a fellow inmate attesting to the facts he set forth. (Doc. 1 at 12-13).

Based on the allegations in the Complaint, the Court will designate the following claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Wilson, Louie, Hart, and John Does 1-3;**
>
> **Claim 2:** **Eighth Amendment failure to intervene claim against Defendants Wilson, Louie, Hart, and John Does 1-3;**

>    **Claim 3:**    **Eighth Amendment deliberate indifference claim against Defendants Wilson, Louie, Hart, and John Does 1-3 for refusing medical care for Plaintiff's injuries and/or for refusing him the ability to wash the mace off of his skin;**
>
>    **Claim 4:**    **Eighth Amendment conditions of confinement claim against Defendants John Doe 1, Hart, Louie, and Wilson for allowing Plaintiff's confinement for an entire month in a cell without running water or a functioning toilet or mattress;**
>
>    **Claim 5**    **State law battery claim against Defendants Wilson, Louie, Hart, and John Does 1-3.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). A key component of a failure to intervene claim is an individual's opportunity to act. Prison officials must intervene to prevent constitutional violations that they know about and have a realistic opportunity to prevent. *Gill v. Milwaukee*, 850

F.3d 335, 342 (7th Cir. 2017). Plaintiff's allegations in Claims 1 and 2 concerning the physical assault against him are sufficient to proceed against all Defendants. Likewise, these allegations are sufficient at initial review to sustain the state law battery claim, so Claim 5 may also proceed.

Plaintiff did not explicitly plead a deliberate indifference claim, but he alleges he sustained serious injuries and was denied medical or mental health care, despite a mental health crisis being the issue that triggered the whole series of events. As such, Plaintiff may also proceed on a deliberate indifference claim against the Defendants as set forth in Claim 3.

Finally, Plaintiff alleges he was left in a cell with no running water, no functioning toilet, and no mattress for an entire month. He claims he raised this issue to Defendants John Doe 1, Wilson, Hart, and Louie, to no avail. At this preliminary juncture, these allegations are sufficient to sustain a conditions of confinement claim against the named defendants as pled in Claim 4.

## Motion for Recruitment of Counsel

Plaintiff has moved for recruited counsel, explaining that he was recently transferred to a new prison and will no longer be able to secure assistance with his legal matters from fellow inmates. (Doc. 9). There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to

litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not provided proof of his own efforts to get counsel, which is a mandatory prerequisite to the second inquiry about his abilities and the complexity of this case. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted). His Motion must be denied, and if he wishes to renew it, he must include proof of his own efforts to retain at least three attorneys. Plaintiff must also include an explanation of why he believes he needs the assistance of counsel, with a specific focus on tasks in this case that are causing him difficulty.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1, 2, 3, and 5** of the Complaint (Doc. 1) survive against Defendants Wilson, Louie, Hart, and John Does 1-3; and **Claim 4** survives against Defendants Wilson, Louie, Hart, and John Doe 1. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard to this case to assist with John Doe identification.

Plaintiff **must file a Notice within 21 days** describing John Does 1-3 with as much detail as possible. Failure to file this Notice may result in the dismissal of John Does 1-3.

The Clerk of Court is **DIRECTED** to prepare for Defendants Wilson, Louie, Hart, and the Warden of Menard (official capacity for John Doe identification): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver

of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Recruitment of Counsel (Doc. 9) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: March 5, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.