IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| GLEN TORRES, M12747, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-57-RJD |
| v. | ) | |
| | ) | |
| TYLER LEWEY, ZACHARY HART, KYLE LINDNER, ERIC EVANS, TYSON CHOATE, and PHILIP ROYSTER, | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Pontiac Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983. He alleges that his Eighth Amendment rights were violated at Menard Correctional Center ("Menard") when he was assaulted by Defendants on September 5, 2024 and subsequently denied medical treatment and placed in a cell without running water or a toilet or a mattress. He also brings a state law battery claim against Defendants. This matter comes before the Court on multiple motions filed by Plaintiff and one motion for extension of time filed by Defendants.

**Motion to Preserve Video Footage (Doc. 55) and Motion to Compel (Doc. 62)**

Plaintiff informs the Court that he needs camera footage from 4-Gallery and 2-Gallery at Menard during various dates in September-November 2024 to show the assault that allegedly occurred and the conditions in his cell. Doc. 55. Defendants never responded to this motion. Plaintiff then filed a Motion to Compel the camera footage. Doc. 62. Defendants filed a

Response to the Motion to Compel, stating that "Defendants…were informed on December 30, 2025 that any video of the incident pertaining to Plaintiff's Complaint will be contained within the Internal Affairs report….because the investigation into the incident is still ongoing, they are unable at this time to produce any Internal Affairs documents or items that are responsive to this request." Doc. 65.  This response is somewhat puzzling, as the incident in question occurred more than 17 months ago.  Nonetheless, Plaintiff's Motions (Docs. 55 and 62) are DENIED WITHOUT PREJUDICE as it appears Defendants do not currently have access to the video footage in question.  However, Defendants SHALL file a status report on the status of the camera footage on the first day of every month unless and until the footage is produced.  Defendants' update should reference all the footage and documents requested in Plaintiff's Motion to Preserve Video Footage (Doc. 55).

**Plaintiff's Motion to Stop Collecting Filing Fees (Doc. 63)**

Plaintiff has four cases currently pending in this district, including this case.  Pursuant to 28 U.S.C. Section 1915(b)(1), Plaintiff was allowed to proceed without paying the entire initial filing fee in all four cases.  However, §1915(b)(2) requires the Court to now collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account; the Court must do so in all of Plaintiff's pending cases.  Plaintiff asks the Court to stop collecting these fees, but the Court does not have discretion to forego payment.  The Motion (Doc. 63) is DENIED.

**Plaintiff's Motion for Access to Tablet (Doc. 64)**

Plaintiff explains that he is currently housed in restrictive housing at Pontiac and will be there until 2028.  The only way he can conduct legal research is through his tablet, and the Warden

at Pontiac is not allowing him access to his tablet. Plaintiff requests that the Court order Pontiac to allow him access to his tablet. This Court has no jurisdiction over the Warden at Pontiac and has no authority to order Plaintiff's access to the tablet; the Motion (Doc. 64) is DENIED.

**Plaintiff's Motions for Recruitment of Counsel (Docs. 60 and 61)**

Since filing this case, Plaintiff has requested on multiple occasions that the Court recruit an attorney for him. Docs. 12, 54. Most recently, the undersigned denied Plaintiff's request to recruit an attorney while Defendants' affirmative defense of failure to exhaust administrative remedies was pending, finding that Plaintiff was capable of explaining to the Court the steps he took to exhaust his administrative remedies. Doc. 54. Defendants withdrew their defense, Plaintiff re-filed his motion for recruitment of counsel, and the Court now considers whether Plaintiff is competent to litigate this case through summary judgment on the merits of Plaintiff's claims. Docs. 58, 59, and 60.

There is no statutory or constitutional right to counsel in a civil case. *Dewitt v. Corizon, Inc.,* 760 F.3d 654, 657 (7th Cir. 2014). However, this Court may recruit an attorney to represent a litigant who cannot afford counsel. 28 U.S.C. §1915(e). When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, the Court is satisfied with Plaintiff's efforts to find an attorney, but is also satisfied that Plaintiff is competent to litigate this case on his own through the summary judgment phase.

Plaintiff's allegations-assault and denial of water, a toilet, and a mattress-are not complex

and simply require Plaintiff to describe the events alleged in his Complaint.[1]  Plaintiff contends that it would be unfair to allow him to proceed to trial without an attorney.  To be clear, the Court is not currently considering whether Plaintiff can try this case to a jury on his own, but whether he can complete discovery and respond to dispositive motions.  The record reflects that Plaintiff can clearly explain past events and ongoing issues.  For example, Plaintiff complied with orders regarding the identification of Defendants originally named as John Does.  Docs. 16 and 24.  Plaintiff's Motions to Compel and to Preserve Video Footage succinctly describe the issues Plaintiff faced when requesting the video footage.  Docs. 55 and 62.  Plaintiff believes that he will not ultimately be allowed to view the IDOC's camera footage due to security issues, but the undersigned currently and routinely has §1983 cases where IDOC arranges for incarcerated Plaintiffs to review relevant camera footage.

Plaintiff also believes that he is going to have a difficult time obtaining IDOC documentation in discovery.  The Court acknowledges that IDOC is apparently still investigating the incidents alleged in Plaintiff's Complaint and therefore currently has disclosed little in discovery, but an attorney acting on Plaintiff's behalf could not force IDOC to conclude its investigation.  The Court has addressed this issue by ordering Defendants to file status reports and will take further action as necessary.

Plaintiff contends that he is illiterate and that because he is in segregation, does not have access to the law library.  Plaintiff's pleadings reflect that he has reviewed the Court's orders,

---

[1] Comparing Plaintiff's Complaint to other pleadings submitted by Plaintiff, it appears that someone other than Plaintiff wrote his Complaint.  *See, e.g.*, Docs. 1 and 16.  The Court presumes that Plaintiff recounted the events alleged in the Complaint to that person, as Plaintiff is required to only submit pleadings to the Court that are accurate to the best of his knowledge.  Fed. R. Civ. P. 11(a).

documents from IDOC and Defendants, and can legibly respond. Plaintiff corresponds with the law clerks at Pontiac, though he informs the Court that they are not particularly helpful. *See*, e.g., Doc. 64, p. 5. Plaintiff's allegations do not suggest that complicated legal issues will be involved in this case.

Finally, Plaintiff explains that because he is currently in segregation at Pontiac, he cannot speak to other individuals in custody who have information about this case or information about Defendants' character. Certainly, corroborating witnesses are helpful to any litigant. Plaintiff has already submitted a declaration by an individual who witnessed and heard the events alleged in Plaintiff's Complaint. Doc. 1, pp. 12-13. Nothing before the Court suggests that Plaintiff's inability to meet with this witness or other witnesses during the discovery and dispositive motion phase will prevent Plaintiff from otherwise competently litigating this matter.

Accordingly, Plaintiff's Motions for Recruitment of Counsel (Docs. 60 and 61) are DENIED. If Plaintiff encounters a specific issue during the discovery and/or dispositive motion stage that warrants the recruitment of counsel, he may file another Motion that explains the specific circumstance warranting recruitment of counsel.

**Defendants' Motion for Extension of Time to Respond to Plaintiff's Interrogatories (Doc. 66)**

Defendants request a 14-day extension to respond to Plaintiff's Interrogatories, making their responses due on February 11, 2026 (two days before this Order was entered). Defendants' motion is GRANTED. To the extent Defendants have not already responded to Plaintiff's Interrogatories, they shall do so by February 20, 2026.

**Plaintiff's Motion for Status Update on the Motions for Recruitment of Counsel and to Order Access to Tablet (Doc. 67)**

The Motion for Status Update is GRANTED to the extent this Order rules on the Motions

for Recruitment of Counsel and for Access to Tablet.

**IT IS SO ORDERED.**

**DATED: February 13, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**